UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESTERN WORLD INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> PENN-STAR INSURANCE CO., MCCOY CONSTRUCTION CO., and CITY OF EAST ST. LOUIS, <br><br> Defendants. | Case No. 07-cv-604-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for purposes of case management. On October 9, 2007, Western World Insurance Company (Western World) filed a notice of removal pursuant to 28 U.S.C. § 1441 from the Twentieth Judicial Circuit, St. Clair County, Illinois of a complaint for declaratory judgment filed by Ronnie McCoy and McCoy Construction Co. against Western World (Doc. 16). In its notice of removal Western World invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. After this Court's initial review of the notice of removal, two problems have become apparent. The first relates to this Court's subject matter jurisdiction, the existence of which it has an independent duty to ensure. *Hammes v. Aamco Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). Pursuant to the direction of the Seventh Circuit Court of Appeals, this court undertakes a more rigorous initial review of complaints to ensure that jurisdiction has been properly pled. *See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992).

Western World has not properly pled diversity of citizenship.  Federal courts have jurisdiction over a civil action between citizens of different states.  *See* 28 U.S.C. § 1332.  The Seventh Circuit Court of Appeals has repeatedly stated that "allegations of *residence* are insufficient to establish diversity jurisdiction."  *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (emphasis added).  Consequently, a notice of removal asserting diversity jurisdiction must allege citizenship, not residence.  *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998).  "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'"  *Held*, 137 F.3d at 1000 (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)).  Western World only alleges Plaintiff Ronnie McCoy's residence, not his citizenship and, therefore, it has insufficiently established diversity jurisdiction.  Accordingly, the Court **STRIKES** the notice of removal (Doc. 16) as insufficiently pled.

The second problem with the notice of removal is that Western World has attempted to remove a state case into a pending federal case.  The Court has an inherent authority to manage its own docket, *see In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995), and pursuant to that authority the Court **ORDERS** that, should Western World Insurance Company again attempt removal of this case, it do so as a separately docketed case.  If Western World believes the cases are properly consolidated, it may move the Court to consolidate at that time.


**IT IS SO ORDERED.**
**DATED**: **October 11, 2007**

                                                            s/ J. Phil Gilbert
                                                            **J. PHIL GILBERT**
                                                            **U.S. District Judge**