**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WESTERN WORLD INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>PENN-STAR INSURANCE CO.,<br>McCOY CONSTRUCTION CO., and<br>the CITY OF EAST ST. LOUIS, ILLINOIS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 07-cv-604 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came before the Court on July 20, 2009, for a bench trial before the Honorable J. Phil Gilbert, District Judge, presiding. After reviewing materials submitted by the parties, hearing the testimony of Ronnie McCoy and reviewing the deposition transcript of Angela Cale, the Court find in favor of the Plaintiff, Western World Insurance Company ("Western World"), based on the reasons stated on the record at the July 20, 2009 trial. Additionally, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. This is an action for declaratory judgment, brought by Western World to determine the parties' rights and obligations under a certain commercial general liability insurance policy issued by Western World for claims alleged against Ronnie McCoy by Penn-Star Insurance Company ("Penn-Star") and the City of East St. Louis, Illinois, arising out of an action filed in the United States District Court for the Southern District of Illinois, East St. Louis Division, under the caption, *Penn-Star Ins. Co. v. McCoy Construction Co.*, Case Number 07-cv-175-DRH-CJP ("the Underlying Action").

2. The Underlying Action sought recovery for damage incurred on June 19, 2006, to a shared wall between a building McCoy was demolishing pursuant to a contract with East St. Louis and the neighboring property owned by Penn-Star's insured.

3. Western World issued three consecutive commercial general liability policies to McCoy.

4. The initial policy, NPP846253, with effective dates of August 19, 2003, to August 19, 2004, was printed and issued by Arlington/Roe & Company, an authorized agent of Western World.

5. Policy NPP846253, as evidenced by Plaintiff's Trial Exhibit 1, included Endorsement WW174 and this endorsement was listed in the Schedule of Forms and Endorsements, which functions as a table of contents for the forms in a policy. Angela Cale, an Arlington/Roe manager, testified that Docucorp, the computer program used to generate Western World's insurance policies, printed as a part of the policy every form listed in the Schedule of Forms and Endorsements. Consequently, if a form was listed on the Schedule of Forms and Endorsements, it was printed as a part of the policy. Two copies were then sent to the insurance agent, one of which he was to provide to the insured. Cale testified by deposition and, in light of the absence of any contradictory evidence, her familiarity with Arlington/Roe's Western World insurance policy issuance process, and the reasonableness of her testimony, the Court finds her testimony as to these matters to be credible. McCoy did not testify otherwise. He testified that he did not look at Policy NPP846253 to see if it actually contained Endorsement WW174, and he has since discarded that policy.

6. Endorsement WW174 entitled "Demolition and Building Wrecking Limitation Endorsement" provides, in pertinent part:

**DEMOLITION AND BUILDING WRECKING LIMITATION ENDORSEMENT**
**(Effective Date 9/30/2005)**

> This insurance is amended as follows:
>
> * * *
>
> C. Additional Exclusions
>
> This insurance does not apply to:
>
> 1. Damage to abutting wall (touching along a border or with a projective part) adjoining wall, common or party wall nor property damage to any other property at any time resulting from such damage.
>
> 2. Injury or death caused by the use of explosives.
>
> 3. Injury, death or damage to persons or property arising from the use of a wrecking ball or similar apparatus.

7. The second policy issued by Western World to McCoy, Policy NPP911792, with effective dates of August 19, 2004 to August 19, 2005, is a renewal policy of Policy NPP846253.

8. Policy NPP911792, as evidenced by Plaintiff's Trial Exhibit 2, included Endorsement WW174, which was automatically printed by Docucorp as a result of this endorsement's being listed in the Schedule of Forms and Endorsements. McCoy did not testify otherwise. He testified that he did not read through Policy NPP911792, and he has since discarded that policy.

9. The third and final policy issued by Western World to McCoy, Policy

NPP971220, with effective dates of August 19, 2005 to August 19, 2006, is a renewal policy of Policy NPP911792.

10. Policy NPP971220, as evidenced by Plaintiff's Trial Exhibit 3, included Endorsement WW174, which was automatically printed by Docucorp as a result of this endorsement's being listed in the Schedule of Forms and Endorsements. However, McCoy testified that Endorsement WW174 was not physically attached to the copy of Policy NPP971220 his insurance agent had given him, and he has since discarded that copy of the policy. The Court finds McCoy's testimony credible as to this matter based on his clear memory of his examination of his copy of Policy NPP971220, the reasonableness of his testimony even in light of Plaintiffs' Exhibit 3 and his manner while testifying. Nevertheless, Endorsement WW174 was part of the original Policy NPP971220 as issued by Western World.

11. In October 2005, Western World sent McCoy's insurance agent, who then sent McCoy via certified mail, a document dated October 4, 2005, entitled "General Change Endorsement" purporting to add Endorsement WW174 effective September 30, 2005. The document is evidenced by Defendant's Trial Exhibit 5. McCoy testified that when he received the documents, he put them away with his insurance papers and made no further inquiry about them at that time even though he did not understand what they meant. The Court finds McCoy's testimony credible as to this matter based on his clear memory of receiving the certified mail, the reasonableness of his testimony and his manner while testifying.

12. Cale testified that Arlington/Roe sent McCoy the "General Change Endorsement" purporting to add Endorsement WW174 in response to an instruction to "forward a copy of the WW174," which Arlington/Roe personnel misconstrued as an instruction to amend Policy

NPP971220 to add Endorsement WW174. Cale testified by deposition and, in light of the absence of any contradictory evidence, her familiarity with Arlington/Roe's Western World insurance policy issuance process, and the reasonableness of her testimony, the Court finds her testimony as to this matter to be credible.

## CONCLUSIONS OF LAW

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

2. When sitting in diversity, this Court must apply the substantive law of the state as the highest court of that state would apply it when faced with the same issue. *Allstate Ins. Co. v. Keca*, 368 F.3d 793, 796 (7th Cir. 2004).

3. The Illinois Supreme Court, in the case of *Dungey v. Haines & Britton, Ltd.*, 614 N.E.2d 1205, 1208-09 (Ill. 1993), held that the inclusion of a policy form number in a schedule of a renewal policy incorporates that form into the renewal policy where the form was contained in the original policy.

4. Policy NPP971220 contained the form for Endorsement WW174 when it was issued to McCoy even though the copy sent to McCoy did not contain the form. Even if Policy NPP971220 had not contained the form, under *Dungey*, it would have contained Endorsement WW174 at the time this policy was issued to McCoy because Endorsement WW174 was listed on the Schedule of Forms and Endorsements for that renewal policy and the policies issued to McCoy for the previous two years had contained the form.

5. The General Change Endorsement Western World issued to McCoy in October

2005 contained only a duplicate endorsement as the policy contained Endorsement WW174 from its inception. *Essex Ins. Co. v. Kasten Railcar Servs., Inc.*, 129 F.3d 947, 949 (7th Cir. 1997).

6. The "Damage to Abutting wall, adjoining wall, common or party wall" exclusion contained in Endorsement WW174 unambiguously precludes coverage for the Underlying Action for "Damage to abutting wall (touching along a border or with a projective part) adjoining wall, common or party wall nor property damage to any other property at any time resulting from such damage."

7. Endorsement WW174 is unambiguous and must be construed according to its plain and ordinary meaning. *United States Fid. & Guar. Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991).

8. There is no coverage under Policy NPP971220 because any and all damage alleged in the Underlying Action is excluded from coverage pursuant to the plain language of the "Damage to Abutting wall, adjoining wall, common or party wall" exclusion contained in Endorsement WW174.

9. Western World owes no duty to defend or indemnify McCoy under Policy NPP971220 with respect to the Underlying Action or any related claim and is entitled to the declaratory relief it seeks.

For the foregoing reasons, the Court **DIRECTS** the Clerk of Court to enter judgment, including costs, in favor of plaintiff Western World Insurance Co. and against defendants Penn-Star Insurance Co., the City of East St. Louis, Illinois, and Ronnie McCoy, individually and doing business as McCoy Construction Co. and **DECLARING:**

- Plaintiff Western World Insurance Co. owes no duty to defend and/or indemnify defendant Ronnie McCoy, individually or d/b/a McCoy Construction Co., under Western World Policy No. NPP971220 in regards to *Penn-Star Ins. Co. v. McCoy Construction Co.*, Case Number 07-cv-175-DRH-CJP, or any related claim and
- Defendants Penn-Star Insurance Co. and the City of East St. Louis, Illinois, possess no beneficial interest in Western World Policy No. NPP971220 nor any right of recovery against plaintiff Western World Insurance Co. for any claim against defendant Ronnie McCoy, individually and doing business as McCoy Construction Co., or for any act articulated in or related to the allegation set forth in *Penn-Star Insurance Co. v. McCoy Construction Co.*, Case Number 07-cv-175-DRH-CJP.

**IT IS SO ORDERED.**
**Dated: August 25, 2009**

s/ J. Phil Gilbert
**Honorable J. Phil Gilbert**
***United States District Judge***